. ADEE *et al. v.* THOMAS.

*(Circuit Court, E. D. New York.*    February 17, 1890.)

1. PATENTS FOR INVENTION—INFRINGEMENT.
    Patent No. 386,941, issued July 31, 1888, to Samuel E. Thomas, for a process of attaching wrought lead pipe to cast metal, applicable "to water-closet pipes and in many other instances," is an infringement on patent No. 371,107, issued October 4, 1887, to Samuel E. Thomas, for attaching wrought lead pipes to cast metal for "waste-traps for basins, closets, etc."

2. SAME—ASSIGNMENT—ESTOPPEL TO DENY VALIDITY OF PATENT.
    A patentee who has assigned his patent cannot deny its validity, as against his assignee, on the ground that it infringes another patent previously acquired by him, where the application for the assigned patent is sufficiently broad to include the previous one.

In Equity.    Bill for injunction.
*Briesen & Knauth,* for complainants.
*Frost & Coe,* for defendant.

LACOMBE, J.    This is a suit to restrain the infringement of letters patent No. 386,941, issued July 31, 1888, for process of casting.    As stated in the claim, the invention is a new method of attaching a wrought lead pipe to cast metal, which process consists in "first dipping the end of the lead pipe into molten tin, and in then inserting the tinned end of the pipe in the mould in which the casting is to be made, the said pipe forming part of the wall of the mould cavity, and in then casting the metal against the end of the lead pipe."    In the specification it is stated that the process is applicable to casting flanges on water-closet pipes, and in many other instances.    The defendant makes waste-traps which are plainly infringements of this patent, claiming the right to do so under an earlier patent, No. 371,107, issued to him October 4, 1887. The third claim of that patent is in the following words:

"(3) The method herein specified of forming lead traps, consisting in placing in the mould and around the core a piece of wrought lead pipe, with the end portion thereof tinned, and casting into the mould and around the cores the metal that forms the body of the trap and the outlet-pipe, so that the melted metal unites with the end of the wrought pipe, and then removing the respective cores."

The improvement, as stated in the specification, "relates to waste-traps for basins, closets, etc."    Whether or no, by the use of this language, the earlier patentee restricted his right to enforce his monopoly, it is evident that there would be no invention in thereafter applying the very process which he therein described for making a waste-trap to a water-closet pipe.    Against the complainants' claim for infringement, therefore, the older patent would be a complete defense, establishing conclusively the invalidity of the patent upon which they sue.    Can the defendant, however, avail of that defense?    The defendant was himself the patentee of the patent sued upon, and assigned it to the complainants, May 12, 1887.    His assignment described his invention as a new and improved process of casting metal to wrought lead pipe, for which he was about to

make application for a patent, and stated that the application had been signed and sworn to by him on the same day, May 12, 1887. The description and claim in said application was broad enough to cover the application of the process to the manufacture both of waste-traps and of water-closet pipes. Reciting that complainants were desirous of acquiring "all [his] entire interest in said invention and the letters patent therefor when granted," he assigns to them all "right in and to the said invention, and any letters patent that may be granted therefor." Four days later (May 16, 1887) the application was filed, and the patent issued July 31, 1888. The other patent, which describes (as to this claim) the same invention, was applied for by defendant, January 3, 1887, and issued to him, October 4, 1887. To allow defendant, in view of the plain language of his assignment, to shelter himself behind a patent which vitiates the alleged invention that he assigned to the complainants, would be unfair, and a defense not sanctioned by the authorities. *Adee* v. *Thomas, ante,* 342.

Much testimony was introduced as to prior transactions between the parties, but no application to reform the assignments was made, by cross-bill or otherwise, and that instrument will therefore be taken as determining the legal relations of the parties. Decree for complainants.